## Marvin Hannahs and George Hannahs v. James W. Sheldon.

*Bills of Exchange and Promissory Notes : Evidence of transfer : Insanity of payee.*
　Evidence that the payee of a negotiable instrument, payable to order, was insane during all the time from the issuing of the paper until the death of the payee, is admissible to disprove the validity of the transfer.

*Heard April 21. Decided April 26.*

Error to Calhoun Circuit.

This was an action of *assumpsit* brought by James W. Sheldon against Marvin Hannahs and George Hannahs, upon a certificate of deposit of which the following is a copy:

No. 1223—STATE OF MICHIGAN, HANNAHS' EXCHANGE BANK, Albion, Feb. 2d, 1859. Mrs. Jennett Failing has deposited in this Bank three hundred and four 75-100 dollars, subject to the order of herself on return of this certi-

ficate, in current bank notes, interest ten per cent. M. HANNAHS & SON. $304 75-100.

On the back of said certificate is the following endorsement, viz: " Pay the bearer the within deposit."

JENNETT FAILING.

On the trial the defense offered to show that the payee, Mrs. Failing, was insane from the time when the certificate was issued until her death, and was therefore incapable of making a valid transfer of the paper. The Circuit Judge excluded the testimony, and the plaintiff had a verdict and judgment. The defendants below bring error.

*W. H. Brown,* for plaintiffs in error.

*T. G. Pray,* for defendant in error.

COOLEY, J.

Sheldon sued the Hannahs upon a certificate of deposit issued by them to Mrs. J. Failing, by which they promised to pay to her order three hundred and four 75-100 dollars in current bank notes. The certificate bore date February 2, 1859, and Sheldon claimed title thereto as assignee. The transfer of the same by Mrs. Failing was proved by her blank endorsement thereon. She was deceased at the time of the trial, and the defendants offered to show that from the date of the certificate to the time of her decease she was insane and incapable of transacting business. The plaintiff objected to the proposed evidence and the Court excluded it.

No ground was suggested on the argument upon which this ruling could be sustained. If Mrs. Failing was insane she could have made no valid assignment of the certificate, and the title thereto would have been in her personal representatives after her decease and not in Mr. Sheldon. It is probable that the Court misapprehended the precise force of the offer made, but upon the record as presented to us,

we have no alternative but to reverse the judgment. It will be reversed accordingly, with costs of this Court, and a new trial ordered.

CAMPBELL, CH. J. and CHRISTIANCY, J. concurred.

GRAVES, J. did not sit in this case.