Brady, J.
It appears from the record in this case that Mrs. Deborah A. Westerfield, in 1876, resided with her husband in the city of New York. She possessed property which was supposed to be worth $80,000, and her income up to 1874 was about $4,000 per annum, and subsequently $3,500.
It appears that the attorney who collected the income of the estate paid it to her personally up to 1874, and subsequently to her husband, whoz was the plaintiff’s, testator.. From 1874 until the time of her death, in November, 1878,, she was weak mentally, and incapable of taking care of herself or her property.
It appears also that in 1876 the taxes and assessments mentioned in the complaint were paid upon a portion of her separate estate, in the name of her husband, and that about the same time he procured from his wife the note m suit -which was drawn on demand, and payable to his order, and in the following form:
“ $1,123.75-100. New York, Dec. 4th, 1876.
On demand, I promise to pay to the order of my husband, Cornelius Westerfield, Esq., $1,123 75-100, for moneys advanced on account of taxes and assessments on 342 E. 46th street, N. Y., value received with interest.
D. A. WESTERFIELD.
1E. J. Clement.”
It will, after reading it, have been observed asan unusual and perhaps extraordinary circumstance, that it has a subscribing witness. The original and receipted bills for the taxes were not produced and there is no evidence by whose hands the money was paid, except what may be inferred from the statements already made that a portion of the *355 taxes and assessments appears to have been paid by the husband, 0. Westemeld. It appears, however, that on the 3d of January, 1877, and which was a very short time after the execution of the note—less than a month—$1,500 belonging to the principal of Mrs. Westerfield’s estate was paid to the husband, the plaintiff’s testator. About a month after the receipt of that sum, and about two months after making the note, the husband applied to the supreme court for the appointment of a commission to inquire into the lunacy of his wife, and stated that she was then, and for the- space of five years prior thereto, had been so far deprived of her reason and understanding as to be altogether unfit to govern herself or to manage her affairs. The petition was accompanied by the affidavits of Drs. Dralce and Loomis to that effect. A commission was duly issued, and the inquisition found that she was at the time of the taking of it a lunatic and of unsound mind, and had been in that state for two years last past.
Subsequently the husband applied to the court upon the inquisition that he be appointed a committee of the person of Ins wife. His petition was granted and Peter A. H. Jackson appointed a committee of his wife’s estate.
It also appears that no demand was made by him upon his wife’s committee during her fife for the sum mentioned in the note, but after her death and on November 17, 1878, he presented the note to the defendant, her executor, and demanded payment, which being refused, he brought this suit.
There are two reasons why the plaintiff should not succeed. First, because there is no evidence that the money for which the note is said to have been given and by which the taxes were paid, was not a part of the income of Mrs. Westerfield, deceased, which, in consequence ef the relations existing between them, should have been established beyond reasonable doubt. This was not done. The other reason is, that the note upon which the suit is brought having been made by a lunatic, with full knowledge of that' unfortunate condition of the payee, it is void. Rice v. Peet, 15 Johns, 503; Hannahs v. Sheldon, 20 Mich., 278; Hicks v. Marshall, 8 Hun, 327; McCain v Davis, 77 Ind., 419; Lan. Co. Bank v Moore, 78 Penn St., 407; In re Beckwith, 3 Hun, 443, Lincoln v. Buckmaster, 32 Vt., 652; Ins. Co. v. Hunt, 79 N Y , 541, Seaverr Phelps, 11 Pick., 304; Sentence v Poole, 3 C & P., 1; Burke v. Allen, 29 N. H., 106; Hemus v Shelden, 20 Mich. 278; Willard’s Eq. Juris., 199; Matter of Morgan, 7 Paige, 236; Blachford v. Christian, 1 Knapp’s App., 77.
The payee, the plaintiff’s testator, not only knew of the existence of the lunacy at the time the note was signed and *356 so declared in legal.form, but in Ms application stated the fact under oath that such a mental condition had existed for several years prior to the execution of the note itself. The authorities are abundant.
The judgment must be affirmed.
Daniels and Maoomber, JJ., concur in the result.