ANDREW, Administratrix, etc., Appellant, vs. HINDERMAN and another, Respondents.

*February 7 —February 28, 1888.*

*Estates of decedents: Recovery of property fraudulently conveyed*

An administrator need not wait until the deficiency of assets is judicially determined by the allowance of claims or otherwise before bringing an action under sec. 3832, R. S., to recover property conveyed by his intestate in fraud of creditors. He should proceed as soon as he is satisfied from the inventory that there will be a deficiency.

APPEAL from the Circuit Court for *Grant* County. The facts are stated in the opinion. The plaintiff appealed from an order sustaining a demurrer to the complaint.

For the appellant there was a brief by *Bushnell & Watkins*, and oral argument by *Mr. A. R. Bushnell*.

For the respondents there was a brief by *Carter & Cleary*, and oral argument by *Mr. W. E. Carter*.

COLE, C. J. We think the demurrer to the complaint should have been overruled. The action is brought by the plaintiff, as administratrix of Joseph Hinderman, deceased, to cancel and set aside certain deeds, which, it is alleged, Hinderman made in his lifetime with the intent to defraud

his creditors.  It appears to us that the action is clearly authorized by sec. 3832, R. S., which provides: "When there shall be a deficiency of assets in the hands of an executor or administrator, and when the deceased shall in his lifetime have conveyed any real estate, or any right or interest therein, with intent to defraud his creditors, or to avoid any right, debt, or duty, or shall have so conveyed such estate that by law the deeds or conveyances are void as against creditors, the executor or administrator may and it shall be his duty to commence and prosecute to final judgment any proper action for the recovery of the same, and may recover for the benefit of the creditors all such real estate so fraudulently conveyed."  The facts stated in the complaint show with sufficient certainty that Hinderman made the conveyances in question with intent to defraud his creditors and especially the unpaid beneficiaries in the bond, and that the subsequent grantees took their conveyances with notice of this intent.  It likewise appears that Hinderman died, leaving no visible property, real or personal, except the lands thus conveyed, to meet the debts due or to become due on the bond which he had signed as surety for Schmitt, as principal.  It is objected that it does not appear that Hinderman signed such bond as surety.  A copy of the bond is attached to the complaint, from which it appears that one Joseph Hinderman, with others, signed the same as surety.  It is a fair presumption from all the facts stated that it was the deceased who signed as surety, though that distinct allegation is not made.  It was doubtless a mere clerical mistake in omitting to aver that the deceased executed the bond with the other sureties named. The bond itself shows that certain sums are due upon it; and it appears that the principal in the bond is insolvent; and that the other sureties are likewise insolvent; and that unless this real estate, thus fraudulently conveyed, can be recovered, the beneficiaries are remediless.

The real objection to the complaint is that it does not appear that there are any debts against the estate of Joseph Hinderman, deceased; that before this action could be instituted it must be established by some judicial proceeding that there were creditors of such estate.    It will be observed, the statute authorizes the administrator to proceed to recover real and personal property fraudulently conveyed by his intestate when there shall be a deficiency of assets in his hands to meet the debts of the deceased.    As soon as the administrator is satisfied of the fact that there is a deficiency of assets, it is made his duty to commence and prosecute, for the benefit of creditors, an action to recover any property which may have been fraudulently conveyed. It is not necessary that the deficiency of assets should be ascertained by claims against the deceased allowed by the county court or by commissioners appointed by such court. The administrator can readily ascertain, by the inventory of the property and the claims presented, whether there will probably be a deficiency of assets in his hands or not. If satisfied there will be, he should not wait for the final settlement of his administration, but proceed with reasonable diligence to recover, for the benefit of the creditors, any property which may have been fraudulently conveyed by his intestate.    This is the plain requirement of the statute.    By delay, he might lose property which should be subject to the debts of his intestate.    When the action is brought by the creditors, as it may be under the subsequent sections, to reach real estate not included in the inventory, there being just ground to apprehend that the estate of the deceased, as set forth in the inventory, may be insufficient to pay the debts of the intestate, there it is provided that the action of the creditors shall not be brought to trial until the sufficiency or insufficiency of the estate in the hands of the administrator to pay the debts of the deceased shall be ascertained.   Secs. 3835, 3836, R. S.    This implies that the

debts against the estate shall be judicially determined in some way, by being allowed by the county court, or perhaps by commissioners appointed for that purpose. Some such determination would be essential in order to ascertain the deficiency of the assets. That was the nature of the action of *German Bank v. Leyser*, 50 Wis. 258, and what is there said has reference to such a case. But where the action is brought by the administrator, who is reasonably certain, from the information which the inventory and claims made furnish, that there will be a deficiency of assets in his hands, he should proceed promptly, under sec. 3832, to recover any property conveyed in fraud of creditors. He should not wait until the deficiency is ascertained on the final settlement of his account before the county court; for to wait until that time might, and often would, render valueless the remedy given by this statute. The complaint in this case shows that the Hinderman estate is insolvent; and that there is no other property, except the lands conveyed by the deeds mentioned, to pay the debts against it. These lands, it is alleged, were conveyed without any consideration actually paid by any one of the grantees, and such grantees were privy to the fraudulent intent. The present holder had notice of the fraudulent purpose of the conveyances. Upon these facts, as we have before said, we think the complaint states a cause of action under sec. 3832.

*By the Court.*— The order of the circuit court sustaining the demurrer is reversed, and the cause remanded for further proceedings according to law.