George T. Smith, for the Use and Benefit of Charles H. Plummer, v William D. Thompson et al.

| 94 | 381 |
|----|-----|
| 113 | 430 |
| 94 | 381 |
| 114 | 408 |
| 94 | 381 |
| 119 | 449 |
| 94 | 381 |
| f156 | ²248 |

*Fraud—Right of action—Assignment—Pleading—Trover—Conversion of shares of stock.*

1. A declaration charging, in effect, that the defendants have procured the stock and control of a corporation by deception and fraud, and for the purpose of wrecking the corporation, is a declaration in case for fraud.[1]

2. The right to complain of a fraud is not assignable; citing *Final v. Backus,* 18 Mich. 218; *Finn v. Corbitt,* 36 Id. 318; *Brush v. Sweet,* 38 Id. 574; *Dickinson v. Seaver,* 44 Id. 631; *Dayton v. Fargo,* 45 Id. 153; *Lewis v. Rice,* 61 Id. 104; *Stebbins v. Dean,* 82 Id. 385.

3. A right of action for the conversion of property is assignable; citing *Final v. Backus,* 18 Mich. 218; *Brady v. Whitney,* 24 Id. 154; *Grant v. Smith,* 26 Id. 201.

4. Trover lies for the conversion of shares of stock; citing *Morton v. Preston,* 18 Mich. 60; *Daggett v. Davis,* 53 Id. 35.[2]

5. It is not necessary to set forth, in a declaration in trover, in what way or by what means the conversion was accomplished; citing *Hutchinson v. Whitmore,* 90 Mich. 255.

[1] See *Hanley v. Balch, ante,* 315.
[2] See *Hubbell v. Blandy,* 87 Mich. 209; *McDonald v. McKinnon,* 92 Id. 254.

Error to Ingham. (Person, J.) Argued December 1 and 2, 1892. Decided December 23, 1892.

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*George W. Weadock* and *John Atkinson,* for appellant.

*Cahill & Ostrander* and *Montgomery & Lee* (*Thomas A. Wilson,* of counsel), for defendants.

McGRATH, C. J. This is an appeal from a judgment sustaining a demurrer to a declaration in case.

The declaration alleges, in substance, that on the 27th of December, 1889, Smith owned 8,000 shares in the George T. Smith Middlings Purifier Company of Jackson, of the par value of $200,000, and which represented two-thirds of the entire capital, and that the defendants owned a majority of the stock of the Knickerbocker Company; that the two companies were engaged in making and selling machines known as "purifiers," "reels," and "scalpers," used in manufacturing flour, and were active competitors; that the George T. Smith Company was doing a large business, and possessed assets of the value of $1,000,000, and that the shares owned by the plaintiff were worth $500,000; that it was indebted to sundry persons, and was in need of $100,000 to meet immediate obligations; that the defendants, knowing the premises, and maliciously and fraudulently designing to obtain control and management of the George T. Smith Company and ruin it by destroying its business, and maliciously and fraudulently intending to injure the plaintiff by destroying the value of his shares, so as to destroy competition between the companies, maliciously and falsely represented to Smith that if he would assign 4,000 of his shares of stock to defendant Thompson, and consent to his voting upon them at all elections, general or special, and consent that defendants

Emerson and Peck should, with the plaintiff, become the directors of the company, and Emerson become its financial manager and Peck its secretary, and would give Thompson an option to buy the 4,000 shares at any time within two years at par, to wit, at $100,000, then Thompson would advance to the company all moneys necessary to meet the immediate obligations, and to make its business prosperous and its credit higher than before, thus making the shares of stock still owned by Smith of greater value than those owned by him at the time; that Smith, relying upon these representations, surrendered a certificate for 4,800 shares of stock, partly in lieu of which a certificate for 4,000 shares was issued to Thompson and delivered to defendants; that defendants secretly entered into contracts with other shareholders for the voting power upon their shares, so that with these 4,000 shares they obtained the control and management of the company; that they procured Francis D. Bennett and Frank M. Smith, who were then directors, to resign, and had Emerson and Peck elected in their stead, and that plaintiff, who was then treasurer, relying upon the statements of defendants, and ignorant of their purpose, voted for Emerson and Peck, and resigned his office as treasurer, and Emerson was elected in his stead, and Peck became secretary; that defendants assumed management and control January 1, 1890, and at once refused to make the advances agreed upon or any advances, and refused to reassign the 4,000 shares, and on the 13th of January, 1890, caused a meeting of the stockholders to vote for an assignment for the benefit of creditors to Emerson and Eldred; that the plaintiff, Smith, was told that the defendants represented a sufficient number of shares to carry the resolution, whether he voted for or against it; that he declined to vote, but defendants declared the resolution carried; that immediately afterwards a directors' meeting was held, and Emerson and Peck ordered an assignment executed to Emer-

son and Eldred, and requested the plaintiff to sign it as president; that, he having lost control of the company by his assignment to Thompson, and the defendants having, by the assignment of the 4,000 shares and the conversion of the stock to their own use, and their fraudulent contract with other shareholders, obtained control of the company, and destroyed its credit and business and the value of its shares, and having refused to return the 4,000 shares, plaintiff executed an assignment for the benefit of creditors, as requested.

The declaration alleges that all these acts were done in pursuance of the design formed by the defendants to ruin and destroy the George T. Smith Company, and to injure and defraud the plaintiff, and that by defendants' acts they utterly destroyed the value of the shares in the company, and made the shares retained by the plaintiff after transferring the 4,000 shares utterly worthless.

The declaration alleges that Emerson and Peck are still directors, and constitute a majority of the board of directors, and that there is no one competent to bring suit against them for their injuries to the corporation, or to the stock held by the shareholders, except the individual stockholders therein.

The declaration concludes with an ordinary count in trover for 4,000 shares of the capital stock of the George T. Smith Middlings Purifier Company, of the value of $250,000. The *ad damnum* clause at the end of the declaration claims $500,000.

It was conceded upon the argument that the use plaintiff is the assignee and the real party in interest, and it appears from the case stated in the first count that the assignment has been made since the cause of action accrued. The first count must be treated as a count in case for fraud, and cannot be regarded as a count in trover. The gist of this count is that the defendants procured the stock and control

of the corporation by deception and fraud, and for the purpose of wrecking the corporation. It is well settled that the right to complain of a fraud is not assignable. *Final v. Backus,* 18 Mich. 218; *Finn v. Corbitt,* 36 Id. 318; *Brush v. Sweet,* 38 Id. 574; *Dickinson v. Seaver,* 44 Id. 631; *Dayton v. Fargo,* 45 Id. 153; *Lewis v. Rice,* 61 Id. 104; *Stebbins v. Dean,* 82 Id. 385. The demurrer must be held good as to the first count.

The second count is one in trover. It has been repeatedly held that a right of action for the conversion of property is assignable. *Final v. Backus, supra; Brady v. Whitney,* 24 Mich. 154; *Grant v. Smith,* 26 Id. 201. There is no force in the contention that there is no allegation that the shares had been indorsed so as to enable defendants to transfer them. A count in trover is purely a fiction. It is not necessary to set forth specially how or in what way or by what means the conversion was accomplished. In *Beebe v. Knapp,* 28 Mich. 53, it was held that the declaration need not set forth the false representations by which plaintiff was induced to part with his property. *Hutchinson v. Whitmore,* 90 Mich. 255. Trover lies for the conversion of shares of stock. *Morton v. Preston,* 18 Mich 60; *Daggett v. Davis,* 53 Id. 35. We think a cause of action is stated in the second count.

The judgment is therefore reversed, defendants will have 20 days in which to plead, and the record will be remanded.

The other Justices concurred.