## COON v. DENNIS.

1. APPEAL—ASSIGNMENTS OF ERROR—FAILURE TO EMBODY IN BILL OF EXCEPTIONS.

   The court passed upon an objection to the exclusion of evidence presented and argued before the court below, and clearly disclosed by the record, although the assignments of error were not embodied in the bill of exceptions.

2. BILLS AND NOTES—FRAUDULENT TRANSFER—RIGHT OF ADMINISTRATOR TO RESCIND.

   The right to rescind a transfer of a promissory note for the fraud of the transferee survives to the transferor's personal representatives.

3. SAME—ACTION BY INDORSEE—DEFENSE OF FRAUD—TO WHOM AVAILABLE.

   In an action against the maker of a negotiable promissory note brought by the payee's indorsee, it is competent for the personal representative of the payee to intercede and defend for the maker, indemnifying him against loss, where the indorsement was procured by fraud.

Error to Montcalm; Davis, J. Submitted October 20, 1896. Decided January 5, 1897.

*Assumpsit* by Leonora Coon against John Dennis and another on a promissory note. From a judgment for plaintiff on verdict directed by the court, defendants bring error. Reversed.

*Ellsworth & Rarden,* for appellants.

*Vernon H. Smith,* for appellee.

MONTGOMERY, J.   This is an action on a promissory
note for $330.50, payable to the order of John Lewis, and
appearing to have been indorsed by him.   On the trial of
the case, plaintiff proved that the signature of the payee,
John Lewis, was genuine, and introduced the note, and
rested.   The defendant then offered to introduce evidence
to show that the note was procured of Lewis by plaintiff
by means of undue influence, and to show that the exec-
utor of the estate of John Lewis is defending the present
case for the defendants, and indemnifying them against
loss.   The plaintiff objected to the introduction of the
testimony for the purpose of showing the fact of undue
influence.   The objection was sustained, and this ruling
presents the principal question in the case.

A preliminary objection is raised to the hearing in this
court,—that the assignments of error were not embodied
in the bill of exceptions.   We would be disposed to remand
the record for the purpose of correction, rather than to
refuse to entertain the appeal, and, inasmuch as the
record clearly shows that the question involved was fully
presented and argued before the court, no injustice can
be done, either to the court or appellee, in passing upon
the question upon the present record.

The rule is settled in this State that the defendant may,
in an action on a negotiable promissory note, show that
the plaintiff is not the real owner.   *Hovey* v. *Sebring*,
24 Mich. 232 (9 Am. Rep. 122); *Reynolds* v. *Kent*, 38
Mich. 246; *Hannahs* v. *Sheldon*, 20 Mich. 278.   It is
true, as a general rule, that the defendant is only con-
cerned in the question of whether the plaintiff is the
legal owner.   But, in the case of *Hillman* v. *Schwenk*,
68 Mich. 293, it was held that, where the indorsee of a
note sues, it is competent for the administrator of the
estate of the payee to take upon himself the defense of
the suit upon the trial.

Undue influence is recognized by all the authorities as
a species of fraud (8 Am. & Eng. Enc. Law, 649), and
fraud, inducing a transfer of personal property or a chose

in action, renders such transfer voidable, and one of the remedies of the party defrauded or his executors is a rescission of the transfer (8 Am. & Eng. Enc. Law, 650; 2 Pom. Eq. Jur. § 872). As to personal property, the act of rescission does not require the interposition of a court of equity. In case of rescission of transfer of personal property, the title reinvests *ipso facto*. Bigelow, Fraud, p. 76. The rule is otherwise as to conveyances of real estate, but this is based upon the idea that the legal title to real estate, having passed by the conveyance of the title, cannot be reinvested in the grantor in an action at law. Bigelow, Fraud, pp. 47, 76, 77; *Moran* v. *Moran*, 106 Mich. 8.

Plaintiff cites, in support of her contention that the only remedy of the administrator is in equity, the case of *McKinney* v. *Hamilton's Estate*, 53 Mich. 497, and *McKinney* v. *Curtiss*, 60 Mich. 611. *McKinney* v. *Hamilton's Estate* did not present the question whether the maker of a note, having notice of the claim of the true owner, could defend against one in possession of the note, and *prima facie* entitled to recover upon it; but the question was whether, in an action at law, the true owner could, without production of the note, recover, and it was held that one, even though he be the true owner, could not demand payment and recover without the delivery of the note. But it does not follow that he cannot, in a suit against the maker, intercede and defend against the transferee, where the title of such transferee is tinctured with fraud. Nor does it follow, because he has a remedy in equity, that this is exclusive. 1 Pom. Eq. Jur. § 180; *McKinney* v. *Curtiss*, 60 Mich., at page 620.

The case mainly relied upon by plaintiff's counsel in the court below is that of *Carrier* v. *Sears*, 4 Allen, 336 (81 Am. Dec. 707). The doctrine of that case was distinctly this: It is no defense, by the maker of a negotiable note, to show that the note was obtained from the payee by undue influence, when he was of unsound mind and incapable of making a valid indorsement, if the

payee, or his legal representatives, have never disaffirmed it. But, in the opinion in the case, the court distinguish that case from *Peaslee* v. *Robbins*, 3 Metc. (Mass.) 164, admitting that the text of the earlier case is apparently in conflict with the views expressed in *Carrier* v. *Sears.* The writer of the opinion says:

"The fact in the case was, as I well remember, that the defendant had been notified by the guardian of the insane payee not to pay the note to the plaintiff, and the defense was conducted by the guardian for the benefit of his ward. We have examined the record, and find, in the original specification of defense, the statement 'that said Fletcher, as guardian to said Parker [the payee of the note], claims said note as the property or estate of said Parker.' There was no controversy upon this point; and, the guardian having claimed and exercised the right to disaffirm and avoid the indorsement, the only question was upon the mental incapacity of the payee at the time the indorsement was made. The language of the court was, therefore, perfectly warranted in its application to the circumstances of the case, as it was presented and understood by the parties, but would require limitation, if taken as the enunciation of a general principle."

This doctrine is not in conflict with the decision of this court in *Hillman* v. *Schwenk, supra,* although the opinion, in other portions, may conflict with *Hannahs* v. *Sheldon, supra.*

We think the contention that the right to rescind the transfer does not survive to the executors is without force. See *Rogers* v. *Windoes,* 48 Mich. 628.

Judgment reversed, and new trial ordered.

The other Justices concurred.