O'Malley vs. O'Malley.

O'MALLEY, Administrator, Appellant, vs. O'MALLEY, Respondent.

*March 18 — April 4, 1899.*

*Estates of decedents: Setting aside conveyance: Fraud.*

An administrator cannot maintain an action under sec. 3832, Stats. 1898, to set aside a deed of his decedent on the ground that it was made with intent to defraud creditors, except for intent to defraud the existing creditors, who alone are represented by him.

APPEAL from a judgment of the circuit court for Sauk county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

Action by an administrator, whose decedent died in 1894, to set aside a deed of real estate, made in 1875, on the ground that the same was made without consideration and with intent to defraud creditors. Judgment was rendered for the defendant, and the plaintiff appealed.

O'Malley vs. O'Malley.

The cause was submitted for the appellant on the briefs of *G. Stevens*, and for the respondent on a brief by *Hermàn Grotophorst.*

For the respondent it was argued, among other things, that the action could not be maintained because it is not shown that the debt, the collection of which the appellant is trying to enforce, existed or was anticipated at the time of the execution of the deed. In order to set aside a voluntary conveyance as to subsequent creditors, it is necessary not only that actual fraud be shown, but it is also necessary to show a specific intent to defraud the individual subsequent creditor complaining. *Wheeler v. Single,* 62 Wis. 380; *Wheeler & W. Mfg. Co. v. Monahan,* 63 Wis. 198; *Cole v. Brown,* 114 Mich. 396; *Springer v. Bigford,* 160 Ill. 495; *Brundage v. Cheneworth,* 101 Iowa, 256; *Schreyer v. Scott,* 134 U. S. 405; *Neuberger v. Keim,* 134 N. Y. 35; *Fullington v. N. W. I. & B. Asso.* 48 Minn. 490; *Second Nat. Bank v. Merrill,* 81 Wis. 142.

DODGE, J. No discussion of the evidence can be useful in this case. There is abundant support for the findings that the deceased, in 1875, executed and delivered to the respondent the deed in question, which was promptly recorded. None of the debts now existing against the estate were in existence or in contemplation at that time, nor, indeed, for many years afterward. There can be no right in the administrator, under sec. 3832, Stats. 1898, to attack such conveyance except for intent to defraud the existing creditors, who alone are represented by him. It is wholly immaterial whether that deed was made upon sufficient, or any, consideration, or with intent to defraud the holder of some debt existing in 1875. Judgment was properly entered in favor of the defendant, and should be affirmed.

*By the Court.*— Judgment affirmed.