ECKLOR, Administrator, Appellant, vs. WOLCOTT and another, Respondents.

*May 15—June 19, 1902.*

*Executors and administrators: Avoiding fraudulent transfer by decedent.*

An administrator can attack an alleged fraudulent transfer of property by his intestate only under the provisions of sec. 3832, Stats. 1898; and under that section it must be made to appear that there is or will be a deficiency of assets to pay creditors existing at the time of the transfer.

APPEAL from a judgment of the circuit court for Pepin county: E. W. HELMS, Circuit Judge. *Affirmed.*

For the appellant there were briefs by *C. M. Hilliard* and *C. A. Ingram,* and oral argument by *Mr. Hilliard.*

For the respondents there was a brief by *W. E. Plummer,* and oral argument by *S. G. Gilman.*

WINSLOW, J.   This is an action in equity, brought by the plaintiff, as administrator of the estate of Josiah B. Loomis, deceased, intestate, for the purpose of setting aside a certain deed of real estate and certain transfers of personal property made by the deceased to his daughter, the defendant *Phoebe Wolcott,* shortly prior to his death, on the ground that the deceased was then mentally incompetent, and that said deed and transfers were made without consideration and under undue influence.   The defendants answered, admitting the deed and transfers, and denying the remaining allegations

of the complaint. The case was tried, and the court made findings negativing the allegations of the complaint, and the court dismissed the action. No evidence was offered or received showing that there were any creditors of the estate, or that there was or would be any deficiency of assets in the estate to meet all proper claims against it of any nature. There is no right on the part of the administrator to attack alleged fraudulent transfers of property made by his intestate except under the provisions of sec. 3832, Stats. 1898. Under this section it must appear, in order to entitle the administrator to maintain it, that there is or will be a deficiency of assets to pay creditors existing at the time of the transfer. *Andrew v. Hinderman,* 71 Wis. 148, 36 N. W. 624; *O'Malley v. O'Malley,* 102 Wis. 639, 78 N. W. 753. This consideration necessarily results in affirmance of the judgment, regardless of any question as to the correctness of the judgment upon the merits.

*By the Court.*—Judgment affirmed.