BORCHERT, Special Administrator, Respondent, vs. BORCHERT and wife, Appellants.

*September 4—September 24, 1907.*

*Actions: Survival: Fraud: Wrongful obtaining and detention of property: Recovery by administrator: Pleading: Rescission of contract: Accounting: Constructive trusts: Equity: Adequate remedy at law.*

1. Where a person wrongfully obtains property of another and wrongfully retains it either *in specie* or in a converted form, or to his enrichment, a cause of action to redress such wrong accrues to the owner, which is assignable and survives by the rule of the common law.

2. Thus, where a son, through fraud and undue influence, obtained from his mother shortly before her death, she being then mentally incompetent, a contract conveying to him all her property, and has converted it into money and threatens to place the same beyond the reach of judicial proceedings, an action to rescind the contract and for an accounting and recovery of the proceeds of the property may be maintained by the administrator of the mother's estate.

3. In such action by the administrator the complaint need not show that creditors of his decedent are affected by the fraud, as would be required in an action under sec. 3832, Stats. (1898); and the action is to be distinguished from one upon a mere personal claim for damages, not aimed at a recovery of property *in specie* or in a converted form. *Ecklor v. Wolcott*, 115 Wis. 19, so far as it is out of harmony herewith, overruled.

4. An action lies in equity to establish a constructive trust and for an accounting, even though the property wrongfully obtained by defendant is personal and, *in specie* or in some new form into which it can be definitely traced, is within the reach of a plain remedy at law, where it is necessary, in order that

complete justice may be done, for equity to deal with the situation.

5. Where the result of a judicial rescission of a fraudulent contract which on its face evidences title to personal property would be to establish a constructive trust rendering defendant as trustee liable to account for the property, and it is clear that such property in some converted form is in defendant's hands and can be judicially reached, or it appears that there are or may be equities in favor of defendant, diminishing that which he would otherwise be required to respond for, a proper situation for the exercise of equity jurisdiction exists.

APPEAL from an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Action for rescission and accounting.

As alleged in the complaint, Wilhelmine Borchert, an aged lady so weak, mentally and physically, as to be incapable of conducting any business of her own free will and by the exercise of judgment, residing with her husband, an aged man likewise incompetent,—being the owner and in possession of real and personal property of about the value of $2,000, was unduly influenced and fraudulently persuaded by defendants to convert the realty into money and to convey all the property to them in consideration of their agreeing to support the old people, furnish them proper care in sickness, look after their comforts during their natural lives, and treat them as children ought to treat their parents. A written agreement was made covering the subject. The old people died soon after the transaction. Defendants knew when it occurred that they would be likely to survive but a short time. There was no necessity for making the agreement or using the property as was done, as the old people were being cared for gratuitously and properly at the home of the plaintiff. They left as their heirs sons and daughters as follows: William Borchert, Albert Borchert, August Borchert, Lena Koch, Amelia Kauffmann, and defendant *Fred Borchert.* Before the transaction complained of occurred Wilhelmine Borchert was declared to be insane by her physi-

cian and treatment at the asylum for the insane was by him advised. When in her normal condition she affectionately and equally regarded all her children, was disposed to treat them alike in the disposition of her property, and she would have done so had she not acted under the influence of the defendants. She and her husband being controlled by the will of defendants left plaintiff's home and entered that of the defendants to be taken care of under the agreement aforesaid and were kept, but not properly, till they died. The property acquired by defendants, as stated, was turned into money by them prior to the commencement of the action. They threatened to place the same beyond the reach of judicial proceedings. Their purpose in obtaining the property as they did was to secure the benefit thereof substantially without rendering any just or legal equivalent therefor and contrary to the intelligent wish of the owner. After such owner's death plaintiff was appointed special administrator of her estate. He duly qualified as such administrator and was thereafter in due form authorized to commence this action.

All the matters stated were in appropriate detail set forth in the complaint. Defendants demurred thereto for insufficiency. This appeal is from the order overruling such demurrer.

For the appellants there was a brief by *Houghton & Neelen,* and oral argument by *F. W. Houghton.*

For the respondent there was a brief by *Rubin & Zabel,* and oral argument by *W. C. Zabel.*

MARSHALL, J. The question presented for decision is this: If a person under contract, in form, with another obtains such other's personal property of considerable value and converts the same into money, and in that form retains the same, threatening, however, to place it beyond the reach of judicial remedies, and such other by reason of insanity or other cause

is wholly incompetent to enter into the transaction and dies
without regaining capacity to assert and vindicate his rights,
and in the meantime such person renders some service and in-
curs some expense for such other, but in the aggregate not
sufficient to constitute any adequate compensation for the
property, does a right of action accrue to such other for a
rescission of such contract and an accounting for and restitu-
tion of the property in its converted form, or if that cannot
be had for its equivalent in money, which survives to his
personal representative?

The real purpose of the action seems to have been miscon-
ceived by the learned counsel for appellants, resulting in a
contention before this court that the complaint is insufficient
under sec. 3832, Stats. (1898), providing that an administra-
tor may recover property transferred by his intestate in fraud
of creditors, because of want of any allegation in the com-
plaint of there being any creditors affected by the fraud,
*Ecklor v. Wolcott,* 115 Wis. 19, 90 N. W. 1081, being relied
on.   The statute, as will be noted, only contemplates the re-
dress of wrongs to creditors by debtors after the decease of
the latter.   The wrong complained of here is one not com-
mitted by a debtor subsequently deceased, but one committed
by a person still *in esse* against a person deceased and to the
prejudice of his heirs.

Nothing further need to be said on this branch of the case
if it were not for *Ecklor v. Wolcott, supra,* where it was sub-
stantially held that an administrator cannot by action legiti-
mately redress a wrong to the deceased in respect to property
fraudulently obtained from the latter.   It seems the dis-
tinction was overlooked between a mere personal claim, as
one for damages, not aimed at a recovery of property *in specie*
or the avails thereof,—a claim remediable by an action *ex
delicto,*—and one of the other character.   So far as that case
is out of harmony with the decision now made it must be re-
garded as overruled.

The next suggestion of counsel for appellants is predicated on a misconception. It is said that the action is one to recover damages for a fraud and that a right in that regard is not assignable and, hence, does not survive upon the death of the owner to his personal representative.

This, as before indicated, is not an action for fraud of the kind which is purely personal, contemplating a recovery of damages, strictly so called, as distinct from pecuniary loss growing out of injuries to, or deprivation of, property, but one to rescind a contract claimed to be void for fraud under which property was wrongfully obtained of the deceased to the enrichment of the defendants and to recover the proceeds of such property, which by reason of the invalidity of the contract never ceased to be the property of the person from whom the same was obtained and so passed upon his death to his personal representative. The distinction between the two classes of cases is very marked and has been frequently clearly pointed out in the decisions of courts. *John V. Farwell Co. v. Wolf,* 96 Wis. 10, 70 N. W. 289, 71 N. W. 109; *Smith v. Thompson,* 94 Mich. 381, 54 N. W. 168. In the latter case a cause of action for damages for the fraud and one to recover the value of property obtained through the fraud were joined. The former was held to be purely personal and so not assignable, while the contrary was held as to the latter.

It may be stated generally that when the property of a person is wrongfully obtained by another and retained by him wrongfully either *in specie* or in its converted form, or to his enrichment, a cause of action to redress the wrong accrues to such person against such other, which is assignable and which survives by the rule of the common law.

A mere fraud or cheat by which one sustains a pecuniary loss is not a deprivation of the property of one to the enrichment of another and so does not give rise to a cause of action which survives by the rule of the common law, or by

our statutory extension thereof, to causes of action for "damages . . . to personal estate," but a right to recover in some form on account of property wrongfully obtained and detained or converted survives to the personal representative of the wronged person by the rule of the common law. *Wood v. Howell,* 17 Ga. 495. That is extended to the ordinary remedies by our statute. Sec. 4253, Stats. (1898).

The right to sue for the rescission of a contract secured through fraud and to recover property obtained under such contract, or the proceeds thereof, survives, on principle, as the authorities abundantly show. *Coon v. Dennis,* 111 Mich. 450, 69 N. W. 666; *Sharon v. Terry,* 36 Fed. 337. The following language from the opinion in the first case cited seems to fully cover the question in hand:

"Undue influence is recognized by all authorities as a species of fraud, and fraud, inducing a transfer of personal property or a chose in action, renders such transfer voidable, and one of the remedies of the party defrauded, or his executors, is a rescission of the transfer."

The point is made that the pleader intended to state a cause of action to establish a constructive trust and for an accounting, and that the facts alleged are not sufficient, in that it appears that the subject of the trust no longer exists, therefore a personal action only will lie. There are three answers to that proposition. *One.* The primary purpose of the action is to rescind the alleged fraudulent contract. The other matters are germane thereto and so may properly be litigated as incidental to a vindication of the primary right. *Two.* An action lies to establish a constructive trust and to recover the subject thereof where the property wrongfully obtained *in specie,* or in its converted form, still remains in the possession of the wrongdoer. *Three.* In case of a constructive trust an action lies in equity for its establishment and for an accounting, even though the property wrongfully obtained is personal and, *in specie* or in some new form into

which it can be definitely traced, is within the reach of a plain remedy at law, where it is necessary in order to obtain complete justice for equity jurisdiction to deal with the situation. 3 Pom. Eq. Jur. (3d ed.) § 1053. This court quite recently held that the better rule is that the *cestui que trust* may always sue in equity for an accounting. *Harrigan v. Gilchrist,* 121 Wis. 127, 252, 99 N. W. 909. He may certainly do so where there are special circumstances which in the judgment of the court render equity jurisdiction competent to afford a more efficient remedy than can be obtained at law.

As before said, the dominant purpose of this action is to obtain a judicial cancellation of the alleged fraudulent and void contract through which appellants obtained the property of the deceased. That of itself does not, under all circumstances, warrant the exercise of equity jurisdiction. Respondent did not need the aid of a court of equity to rescind. He could have done that, in any event, by a mere demand for a delivery of the property to him as part of the estate of Wilhelmine Borchert, or upon the theory that she was wholly incompetent, to the knowledge of appellants, to make the contract, he might have sued at law for redress without any previous act disaffirming the contract. If there were not at least a voidable agreement there was nothing to rescind. However, in case of an outstanding contract, either void or voidable, for fraud, it is a proper subject for equitable cognizance to judicially declare it void, and incidentally to obtain complete redress for all wrongs done in the name thereof, in case of special circumstances which, in the judgment of the court, render equity jurisdiction competent to more efficiently deal with the matter than a court of law. *Johnson v. Swanke,* 128 Wis. 68, 107 N. W. 481.

It seems that there are special circumstances in this case. The conditions shown are such that appellant may be entitled to reimbursement for such services as he performed

and money he expended for the benefit of the old people. Such an equity, if there be one, should be dealt with in connection with the vindication of respondent's right and the whole matter be settled by a single judgment. To do that the field of equity jurisdiction would necessarily have to be entered. On the whole it seems that the cause of action set forth in the complaint is clearly one for equitable cognizance.

It may be stated as a rule that when an outstanding written contract, in form, is sought to be rescinded for fraud and such contract on its face evidences title to personal property, and the effect of such decision would be to judicially establish a constructive trust rendering the trustee liable to account for such property in some form, or its equivalent in money, and it is clear that the property in some converted form is in the hands of the trustee and can be judicially reached, or it appears that there are or may be equities in favor of the wrongdoer to be considered, diminishing that which he would otherwise be required to respond for, a proper situation for the exercise of equity jurisdiction exists.

The foregoing covers all matters discussed in the brief of counsel for appellants. The conclusion reached is that the complaint states a good cause of action in favor of the respondent as the personal representative of the deceased, Wilhelmine Borchert, for a rescission of the contract mentioned in the complaint, and for such further relief as will equitably redress the wrong done to the deceased by reason of her having been wrongfully, as alleged, deprived of her property.

*By the Court.*—The order of the circuit court is affirmed.