## G. W. CLAYBROOKS v. L. KELLY ET AL.

(Case No. 4959.)

1. EVIDENCE — FRAUD.— Testimony in a suit involving title to property, offered for the purpose of showing that, though the consideration passed from one party, title thereto was made under his direction to another party, for the purpose of hindering, delaying or defrauding the creditors of the party who paid the consideration, is inadmissible, when the deed was never attacked by the creditors, when it was not shown that any creditor was delayed or hindered by the transaction, and when no creditor is before the court complaining of it.

2. MORTGAGE — HOMESTEAD.— A vendor of land took in exchange other land on which there was an unsatisfied lien. To secure himself against loss if that lien should not be satisfied by his vendee, he took a mortgage on the property sold. The lien was not paid off, but the land which the vendor received in exchange was sold to satisfy the pre-existing lien and bought by a third party. In a suit by the vendor to foreclose his mortgage, held,

(1) There was no serious error in instructing the jury that the mortgage (the sale and loss of the property thereby received in exchange being shown) authorized the jury to find for plaintiff the value of the lot received in exchange, at the date of the sheriff's deed therefor to the purchaser, who bought at the sale to satisfy the pre-existing lien.

(2) When the vendee failed to make the last payment to satisfy the lien already existing on the land he gave in exchange, the right of his vendor to foreclose his lien on the land the vendee received was complete.

(3) The vendee could claim no homestead rights as against his vendor until the mortgage was satisfied by his discharge of the lien existing at the time of sale or exchange, on the property he gave in exchange. Failing to satisfy that lien, his homestead right was subordinate to the mortgage on the premises he received.

APPEAL from Grayson. Tried below before the Hon. Richard Maltbie.

The opinion states the case.

*Woods, Wilkins & Cunningham*, for appellant, on the admission of evidence to show fraud, cited: Williams *v.* Pouns, 48 Tex., 146; Hoeser *v.* Kraeka, 29 Tex., 450; Jones on Mortgages, secs. 86, 610, 612; Smith's Eq. Jur. (5th ed.), p. 21.

On homestead, they cited: Kessler *v.* Draub, 52 Tex., 575; Taylor *v.* Boulware, 17 Tex., 77; Blum *v.* Gaines *et al.*, Austin term, 1882 (57 Tex.); Ogden *v.* Giddings, 15 Tex., 485; Lacy *v.* Clements, 36 Tex., 664; Clements *v.* Lacy, 51 Tex., 158; Howard *et al. v.* Crow *et al.*, 5 Tex. Law Jour., 373.

*Chas. Crenshaw* and *Hare & Head*, for appellees, cited on the question of homestead: De Garca *v.* Galvan, 55 Tex., 53; Waco

Tap R. R. Co. v. Shirley, 45 Tex., 370; Parker v. Campbell, 21 Tex., 763.

On the measure of damages, they cited: De Bruhl v. Maas, 54 Tex., 464; Clements v. Lacy, 51 Tex., 150. See W. T. R. Co. v. Shirley, 45 Tex., 370; R. S., arts. 559, 560; White v. Shepperd, 16 Tex., 172; Ball, Hutchings & Co. v. Lowell, 56 Tex., 582–585; Smith v. Uzzell, 56 Tex., 315; Garrison v. Grant, Hick v. Morris, 57 Tex., 603, 659; Texas L. R., vol. 3, No. 16, March 11, 1884, and 51 and 54 Texas, above cited.

WEST, ASSOCIATE JUSTICE.— This suit was instituted by A. N. Sharrock and L. Kelly on the 24th day of January, A. D. 1882, against G. W. Claybrooks and Clabe Harris, to foreclose a mortgage lien for the balance of the purchase money due on four and three-fourths acres of land taken out of the Asa Heartsfield survey, situated in Grayson county, Texas, and one mile west of the town of Whitesboro, and known as the Wm. Crenshaw mill property. Also, the cotton-gin, grist-mill, engine, boilers, and all machinery attached thereto. On the 18th day of March, A. D. 1879, G. W. Claybrooks purchased of A. N. Sharrock the above described property, and gave as a part of the purchase consideration therefor lot No. 4, in block No. 2, in the town of Whitesboro, Grayson county, Texas. On the 30th of November, A. D. 1878, the said G. W. Claybrooks bought said lot No. 4, in block No. 2, of L. N. B. Christian, and executed his two certain promissory notes to her for the sums respectively of $650, and dated 30th of November, A. D. 1878, due 20th day of April, A. D. 1879, another note for $600, dated same as first note, and due April 20, 1882, with vendor's lien reserved on said lot to secure the payment of the said notes. On the 18th day of March, A. D. 1879, the date of the purchase of the Crenshaw mill property by G. W. Claybrooks from A. N. Sharrock, it was agreed among the parties that said Sharrock should reserve a vendor's lien on said mill property to secure him in case of default on part of Claybrooks to pay off the two Christian notes for the sum of $1,250. Afterwards, on the 16th day of March, A. D. 1881, in pursuance of said agreement, the said Claybrooks executed and delivered to Sharrock and Kelly his mortgage on the above described Wm. Crenshaw's mill property, to indemnify or secure the said Sharrock and Kelly against any loss in case the said Claybrooks should make default in the payment of the aforesaid Christian notes. On the 7th day of July, A. D. 1879, said Claybrooks made a deed to lot No. 4, in block No. 2, to T. D. Kelly, at the request of L. Kelly, who was the part-

ner of said A. N. Sharrock, the said L. Kelly conveying McCulloch county land for said lot No. 4, in block 2, with vendor's lien to said Christian still hanging over it. The petition alleged " that the said Claybrooks, in order to make Sharrock and Kelly secure against this incumbrance, executed and delivered the mortgage aforesaid to secure to them the $1,250, the balance that would be due on the mill property in case said Claybrooks should fail to pay the Christian notes; that on the 18th day of March, A. D. 1881, the said G. W. Claybrooks made default in payment of said Christian notes, and judgment was rendered in the district court of Grayson county for the sum of $799.44, with ten per cent. interest, and foreclosing vendor's lien on lot No. 4, in block No. 2, decreeing the same to be sold to satisfy said judgment. That the same was sold under said judgment and bought in by L. N. B. Christian. Then these plaintiffs brought this suit to foreclose their mortgage lien for purchase money due on said Crenshaw mill property described in mortgage. After the institution of the suit, A. N. Sharrock became insane, and L. Kelly was by the court appointed guardian *ad litem* for Sharrock, and the case proceeded to trial." Clabe Harris, having purchased the saw mill and fixtures from G. W. Claybrooks, claimed that it was not included in the mortgage, and the jury so found. Claybrooks pleaded that there was no consideration for the mortgage as between him and Sharrock and Kelly, for which he had received the Crenshaw mill property. Upon these issues made by the pleadings, the evidence, and charge of the court, the jury rendered a verdict for Kelly for the sum of $456.17, foreclosing the mortgage lien on the Crenshaw mill property described in mortgage, and the said mill and fixtures claimed by Clabe Harris excepted from the operations of said mortgage. The defendant Claybrooks' motion for a new trial was overruled by the court, and he appeals the case.

The first assignment of error brings in review the action of the court in excluding the evidence of L. Kelly, offered by appellant for the purpose of showing that the purpose of appellees in having the deeds made in the form they were made, was to delay, hinder and defraud their creditors.

Under the special facts and circumstances disclosed by the evidence in this case, and about which ·there is no real conflict, we are of opinion that the court did not err in excluding from the consideration of the jury the evidence of L. Kelly. This testimony was offered for the purpose of showing that the deed of Claybrooks, executed, at the instance of the witness, to T. D. Kelly, was so made for the purpose of defrauding the creditors of L. Kelly and

Sharrock. These parties (Sharrock and L. Kelly), having purchased the property, had the right to direct the appellant to execute the deed to it to any person they might see fit to name. Whether such a conveyance was *bona fide* or not was not properly a question in this case. No creditors of either Kelly or Sharrock ever, at any time, questioned the deed, so far as the record shows. It was, as between the parties to it, unquestionably valid and binding on them. There was nothing to show that it was ever executed for the purpose of defrauding any creditor, nor is there any evidence that any creditor was ever delayed or hindered by it, or ever complained, at any time, of its execution. Under the circumstances of the case, then, the court did not err in excluding from the consideration of the jury the evidence offered to show that the deed was executed with the intent to defraud creditors. There was no creditor before the court, and they never have attacked the deed, and it was clearly admissible in evidence, as between the parties to it, and others who were not creditors. De Garca v. Galvan, 55 Tex., 55, and authorities there cited.

Nor was there any serious error in the action of the court in instructing the jury that the mortgage offered in evidence by the appellees would authorize them to find the value of lot No. 4, in block No. 2, on the 3d of January, 1882, the date of the sheriff's deed to said lot to Christian.

Upon the final failure of the appellant to make the last payment of the purchase money for lot 4, in block No. 2, to Christian, the right of appellee to foreclose the mortgage on the Crenshaw mill property was complete.

The sole purpose of the execution of the mortgage was to secure the payment of the purchase money due on the Crenshaw mill property therein described, for which property the said lot No. 4 was taken in part payment, as the evidence clearly shows. The purpose of its execution was to protect appellee against the outstanding vendor's lien on lot 4, held by Christian for the purchase money of that lot.

Nor could the claim of homestead avail the party, under the facts of the case, to prevent the sale of the Crenshaw mill property.

The evidence shows that it was not in fact the homestead of appellant. He was a married man, and his wife was then living where he had previously lived for seven years, in Hopkins county, upon a homestead claimed by her through a former husband. This place, the evidence shows, was the home of appellant when he went

to Grayson county, and his wife was still living there at the time of the trial.

The evidence showed in effect that the purchase money for the Crenshaw mill property was not in fact paid. It showed, as was before stated, that lot 4 was in fact taken as part of the purchase money for the mill property, and that said lot had changed hands several times by consent of parties, always recognized, however, as subject to the vendor's lien against it held by Christian, and that lastly it was traded to appellant by appellees, subject to their lien; and on the 16th of March, 1881, appellant executed the mortgage in question to appellees on the mill property to protect them against the vendor's lien on lot 4 in case of failure of appellant to pay the notes due Christian for the purchase money of the lot.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered May 23, 1884.]