St. Louis Southwestern Railway Company of Texas v. E. A. Smitha Administrator.

No. 3058.   Decided June 22, 1921.

(232 S. W., 494.)

1.—Administration—Power to Grant Letters.

A plaintiff having a pending suit in Bowie County Texas for personal injuries received in the State of Arkansas while there engaged in interstate commerce, died in California, his heirs residing there, and no property exist-

ing in Texas except such right of action for personal injuries, which, by the Interstate Commerce Law, survived his death and must be prosecuted by his duly appointed personal representative. *Held* that the County Court of Bowie County had power and jurisdiction to appoint an administrator of his estate for the purpose of prosecuting such action. (Pp. 287-290).

2.—Same.

A subsisting cause of action enforcible by suit in Texas by a personal representative, is a property asset on which may be based the exercise by one of our probate courts of the power to grant letters of administration. (P. 288).

3.—Same—Survival of Action.

Congress, by providing for the survival of the right of action to the personal representative of an injured person, intended that such representative should have the same right to commence and continue and to maintain suit as the person injured; and the surviving right of action must be regarded as having a *situs* in each jurisdiction where the injured person was authorized to maintain suit, Angier v. Jones, 67 S. W., 450, distinguished. The jurisdiction of the probate court to grant letters for the purpose of prosecuting such action was not defeated by the fact that the right would support a suit in many counties of the State. (Pp. 288, 289).

4.—Administration—Jurisdiction—Venue.

The general jurisdiction of a county court to grant letters of administration and transact all business appertaining to deceased persons (Const., Art. 5, sec. 16) is restricted as to the venue by subdivisions 3 and 4 of Article 3209, Revised Statutes, only in cases to which these apply, that is to estates of non-residents dying outside the State and leaving kindred in Texas, or property with a fixed *situs* in some county in Texas. For the grant of administration where these circumstances do not exist no venue has been prescribed, and the probate court which first assumes jurisdiction may retain it. Green v. Rugeley, 23 Texas, 550; Neil v. Batelson, 65 Texas, 478, followed. (Pp. 289, 290).

Error to the Court of Civil Appeals for the Sixth District in an appeal from Bowie County.

The Railway Company moved in the County Court to vacate an order appointing Smitha administrator of the estate of Swain. Refusal to vacate such order being sustained by the District Court on the company's appeal thereto, it carried the case to the Court of Civil Appeals, and on a like ruling there (190 S. W., 237) obtained a writ of error from the Supreme Court.

*E. B. Perkins, Dan. Upthegrove,* and *Glass, Estes, King & Burford,* for plaintiff in error.—As Swain received the personal injuries complained of in Miller County, Arkansas, where appellant has an agent, and as he died in Los Angeles, California, of which place and State he was a citizen, there was, at the time of his death and at the time of the appointment of the said E. A. Smitha as Administrator, no property assets of his estate situated in Bowie County, Texas, to be administered upon, and the Probate Court of Bowie County, Texas, had no jurisdiction to appoint the said Smitha as administrator of his estates; therefore, appellant's motion and pe-

tition to remove the said Smitha as Administrator and to have said appointment held for naught should have been granted. Texas Civil Statutes, Arts. 3209, 3255, 3294; Angier v. Jones, 67 S. W., 449; Fed. Employers' Liability Act; Garrett v. L. & N. Ry. Co., 235 U. S., 308.

The jurisdiction of the probate court in Texas is well defined by our statutes, and there is absolutely no provision of the statutes under which it can be successfully claimed that the probate court of Bowie County has jurisdiction to administer upon the estate of Swain. In this we are clearly sustained, we think, by the decisions in Cooper v. Gulf. C. & S. F. Ry. Co., 93 S. W., 201; Angier v. Jones 67 S. W., 449; Templeton v. Ferguson, 89 Texas, 47.

*Turner, Graham & Smitha,* and *Mahaffey, Keeney & Dalby,* for defendant in error, cited.—Sec. 9, Federal Employer's Liability Act; Revised Statutes of Texas, Arts. 1886, 5686; Forrester v. Southern Pac. Co., 48 L. R. A., (N. S.) 1; Murphy v. Crayton, 45 Iowa, 178; Barclift v. Treece, 77 Ala., 528; Robinson v. Epping, 24 Fla., 237; Brown's Admr. v. Louisville & N. R. R. Co., 30 S. W., 639; Rivera v. Railway Co., 149 S. W., 223; Gulf, C. & S. F. Ry. Co. v. Beezley, 153 S. W., 651; Eastern Ry. Co. of New Mex. v. Ellis, 153 S. W., 701.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

In 1914, D. A. Swain brought suit in the District Court of Bowie County, to recover damages of plaintiff in error for a personal injury alleged to have been sustained by him while employed in interstate commerce by plaintiff in error, a common carrier by railroad, as the proximate result of plaintiff in error's negligence in failing to comply with certain provisions of the Federal Safety Appliance Acts. The injury was inflicted in that portion of plaintiff in error's yards at Texarkana which lay in Arkansas near the boundary of Texas. At that time D. A. Swain boarded and lodged at Texarkana, in Bowie County, Texas, though his home was in California, where his wife resided. Plaintiff in error operated a railroad within the State of Texas by virtue of a charter under the laws of Texas, and was represented by local agents in Bowie County, Texas. In October 1914, D. A. Swain died in California, following an injury which he sustained at Los Angeles, while he was employed by another railroad company.

In January 1915, defendant in error, E. A. Smitha, was appointed by the County Court of Bowie County, Texas, administrator of the estate of D. A. Swain, decd., and he qualified as required by law. In the petition for the appointment of the administrator it was alleged that the deceased resided in California at the date of his death, where he left a surviving wife and children; that the deceased had an estate in Bowie County, Texas, consisting of a cause of action for damages against plaintiff in error, which arose in Swain's lifetime,

and on which Swain had instituted a suit, which was pending in the District Court of Bowie County; that the cause of action was to enforce a liability which accrued to Swain for a personal injury sustained by him while engaged in interstate commerce as a servant of plaintiff in error, such injury being the proximate result of the negligence of plaintiff in error; and, that a necessity existed for administration on Swain's estate in order that the pending suit might be prosecuted.

In April 1915, plaintiff in error petitioned the County Court of Bowie County to vacate the order granting letters of administration on Swain's estate, on the ground that the order was unauthorized and invalid: because Swain had his fixed domicile and residence at the date of his death in California; and because he received his injuries without the State of Texas; and because he did not leave any property in Bowie County, Texas; and because the administration was sought for the single purpose of maintaining in Texas a suit against plaintiff in error. The County Court refused to vacate the grant of letters of administration, as did the District Court on Appeal, and the judgment of the District Court was affirmed by the Court of Civil Appeals, 190 S. W., 237.

The question to be determined by this court is whether the County Court of Bowie County had jurisdiction to grant letters of administration on the estate of Swain, a non-resident of Texas, dying at his domicile in California, in order to enforce, in Texas, against plaintiff in error, the right of action for the personal injury sustained by Swain in Arkansas?

The federal statute made plaintiff in error liable to Swain for an injury to his person, caused by its negligence, and he was entitled to enforce that liability by means of an action in the courts of Texas, notwithstanding he was injured in Arkansas. The right of action which accrued to Swain was not extinguished by his death. It survived to his personal representative, by virtue of section 9, of the Act of April 22, 1908 (3 U. S. Stat. Ann. 477) and the appropriate tribunals for its enforcement were the courts of Texas, where plaintiff in error had its domicile and transacted most of its business and was subject to actions in personam. The suit could be maintained in Texas by no one else than a personal representative, holding letters granted in Texas. Am. R. R. Co. v. Birch, 224 U. S., 557; Simpson v. Foster, 46 Texas, 623; Atchison T. & S. F. Ry. Co. v. Berkshire, 201 S. W., 1095. A subsisting cause of action, enforceable by suit in Texas, by a personal representative, is a property asset on which may be based the exercise by one of our probate courts of the power to grant letters of administration. 23 Corpus Juris 1013; Rivera v. Atchison T. & S. F. Ry. Co., 149 S. W., 223; Note, Re Miller, 56 L. R. A. (N. S.), 860.

It is manifest that Congress intended in providing for the survival of the right of action to the personal representative of an injured

person, that such representative should have the same right to commence or to continue and to maintain suit as the person injured. To make the right of the personal representative to commence or continue and maintain an action the same as that of the injured person, the surviving right of action, for purposes of administration, must be regarded as having a situs in each jurisdiction where the injured person was authorized to maintain his suit.  The necessary attributes of the right of action given and preserved by the federal statute are such as to make inapplicable the rule announced by the Galveston Court of Civil Appeals in Angier v. Jones, 67 S. W., 450, 451, that a judgment or chose in action will ordinarily be given the situs of the owner's residence for administrative purposes.

The fact that the right of action which survived to Swain's personal representative would support a suit in many counties of the State in no wise defeated the jurisdiction of the County Court of Bowie County to grant letters of administration on Swain's estate.

The County Court of Bowie County had conferred upon it by section 16, of Art. 5, of the Constitution ''the general jurisdiction of a probate court,'' with power to ''grant letters testamentary and of administration'' and to ''transact all business appertaining to deceased persons.''

By subdivisions 3 and 4, of article 3209 of the Revised Statutes, the venue is fixed for the grant of letters of administration, where one dies without the state, having no domicile or fixed place of residence in the state as follows: first, in any county in the state where the deceased's nearest kin may reside; and, second, in the county where his principal estate was situated at the time of his death.

These subdivisions of article 3209 regulate the grant of letters in the cases to which they apply, that is, on estates of non-resident decedents, who die without the State, leaving kindred in Texas or leaving property with a fixed situs in some county in Texas.  But, they have no relation to the estate of a non-resident dying without the state, and leaving no kindred, but leaving property within the state, without a fixed situs in any particular county.  For the grant of letters of administration under these circumstances no venue has been prescribed.  The probate court which first assumes jurisdiction may retain it.

The question was decided in the leading case of Green v. Rugely, 23 Texas, 550, where Justice Roberts said of the section fixing the venue of applications to probate wills and to appoint administrators: ''It may well be said it was not intended by this section of the statute either to confer or limit the powers of the court, but merely to regulate the matter of preference to be given to a particular county, in order to prevent more than one administration in the State, and to give that county the preference in which facts and circumstances existed which render it probable that there the interest of the estate would be best

111 Tex.—19

attended to. . . . The power to administer should not be made dependent upon the mere contingencies upon which a preference between counties is regulated, but upon the existence of property within the state, whose condition, in reference to the rights of parties in relation to it, calls for the application of our probate laws, for its preservation and distribution.''

In Neal v. Batleson, 65 Texas, 478, the asset belonging to non-resident minors, which was held to give jurisdiction to the probate court to appoint a guardian of the estate of the minors, was a mere inchoate right of their ancestor to a land certificate. In sustaining the guardianship in Texas, the court by Judge Stayton said:

''The laws in force at the time a guardian for the appellees was appointed did not expressly provide in what counties guardianship should be taken out in cases other than those in which the minors were residents of the state, but that does not affect the question of power to appoint guardians for the estates of non-residents. In the case before us, neither the residence of the wards in any particular county, nor the locality of the property of which the estate consisted, could determine the matter; for that in which the estate consisted had not locality in any particular county at the time guardianship was granted, though the property directed to be sold, no doubt, was within the county at the time the order to sell it was made, and it was within the state, and, thus, within the jurisdiction of the court at the time guardianship was granted.''

In the same opinion the court said with reference to Green v. Rugely, supra: ''It will be observed that the laws in force at the time that decision was made, attempted to fix with considerable accuracy the places at which, under different conditions of fact, wills should be probated, and letters testamentary and of administration granted (P. D., 1269); but the power of the courts was not restricted to such cases only as fell within these regulations.''

The right which accrued to Swain and which survived to his personal representative, was to institute a suit, whereby the damages claimed by Swain might be reduced to a valid personal judgment against plaintiff in error, to be enforced by execution against plaintiff in error's property within the State of Texas, and the power to appoint a personal representative, with the capacity to maintain such a suit, came within the general probate jurisdiction of the County Court of Bowie County. There was no error in refusing to revoke the grant of letters of administration to defendant in error and the judgments of the District Court and of the Court of Civil Appeals are affirmed.

*Affirmed.*