**GALVESTON, H. & S. A. RY. CO. et al. v. BLANKFIELD. (No. 8339.)**

(Court of Civil Appeals of Texas. Galveston. April 5, 1923. Rehearing Denied May 31, 1923.)

1. **Executors and administrators** ⏾3(1)—**Administrator not appointed unless necessity exists.**

Under Rev. St. 1911, arts. 3255, 3280, 3294, 4700, letters of administration will not be granted unless a necessity therefor is shown to exist.

2. **Executors and administrators** ⏾20(5)—**Petition defective as not showing necessity for appointment of administrator.**

A petition for the appointment of an administrator, alleging that the heirs are entitled to damages by reason of the death of the decedent and that it is necessary that suit for damages be brought in the name of the estate, *held* insufficient; the heirs not being named, there being no affirmative allegation that there were, in fact, any such heirs, and nothing indicated in the petition to show that if such heirs existed they were not in position to sue without an administrator by next friend, as provided in Rev. St. 1911, art. 2167.

3. **Executors and administrators** ⏾20(5)—**Defective allegation of necessity for appointment not cured by proof.**

Where the application for the appointment of an administrator did not allege that decedent came to his death while the employee of

a railroad engaged in interstate commerce, the right of action for which is vested in decedent's personal representative by federal Employers' Liability Act (U. S. Comp. St. § 8657), the appointment of an administrator was not justified by proof of facts bringing the case within such statute.

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Proceedings by H. Blankfield for appointment as administrator of the estate of Sam Molnar, deceased, opposed by the Galveston, Harrisburg & San Antonio Railway Company and another. From an order of appointment the objectors appeal. Reversed, and remanded.

Frank S. Anderson, W. T. Armstrong, W. E. Cranford, and McDonald & Wayman, all of Galveston, for appellants.

Marsene Johnson, Elmo Johnson, Roy Johnson, and Marsene Johnson, Jr., all of Galveston, for appellee.

GRAVES, J. Over the opposition of the Galveston, Harrisburg & San Antonio Railway Company and the J. Rosenbaum Grain Company, the probate court of Galveston county appointed H. Blankfield administrator of the estate of Sam Molnar, deceased; the two corporations then carried the matter to the Fifty-Sixth district court, where the same action was taken, and they now complain here of the latter court's judgment.

In the courts below Blankfield's application for letters of administration alleged:

"That he resides in Galveston county, Tex.; that on or about August 31, 1915, Sam Molnar died in Galveston county, Tex., where he had his domicile at the time of his death; that said Sam Molnar died intestate, as far as is known to petitioner; that at the time of his death the said Sam Molnar was possessed of no property, as far as is known to this petitioner; that the necessity for an administration exists for the reason that the heirs of the said Sam Molnar are entitled to damages by reason of the death of the said Sam Molnar, who was killed through the negligence of the Galveston, Harrisburg & San Antonio Railway Company and the Rosenbaum Grain Company, according to the information furnished to this petitioner, and that it is necessary that the said suit for damages be brought in the name of the estate of said Sam Molnar; that this petitioner is not disqualified by law to act as said administrator."

Likewise in both trial forums the same separate objections were presented; the chief ones of the grain company being:

"(b) Because it does not appear from said petition that there is a legal necessity for an administration on said estate. In this connection your petitioner shows that the cause of action, if any, existing in favor of the heirs of said Sam Molnar on account of his alleged negligent death is not an asset or property right forming a part of his estate subject to being administered on by this court, but that such right of action, if any, passes under the laws of descent and distribution to his heirs."

"(d) Because the court is wholly without jurisdiction to appoint an administration on an estate where it affirmatively appears that there is no property to administer on and no other estate is shown except a right of action for death, which does not inure to or form a part of the estate."

While the railway company in the main set up:

"(b) It does not appear from such application that there is legal necessity for an administrator upon any estate of Sam Molnar, deceased. In this connection your petitioner shows that, if any cause of action exists in favor of any person against this petitioner on account of his alleged death from negligence, such cause of action is not an asset or property right forming any part of his estate subject to be administered by this court, but such cause of action, if any, belongs solely unto certain persons named by statute who may hold the same.

"(c) Said application for administration is insufficient, in that it fails to show that any persons designated by law as capable of instituting and maintaining an action or entitled to recover damages for the death of the said Sam Molnar are in existence, nor does said application give the names, ages, or places of residence of such persons, nor their relationship to the said deceased.

"(d) The said application for administration wholly fails to show the probable value of any such estate, or, if it should be held that such alleged cause of action constitutes an estate, it wholly fails to show the probable value of such cause of action."

"(f) Because such application shows on its face that this court is without jurisdiction to grant an administration upon the estate of said Sam Molnar."

Under appropriate assignments of error in this court appellants urge the same considerations in protest against the district court's judgment.

[1, 2] We think the applicant's petition for letters as drawn was subject to a general demurrer, and, to the extent that they embody the essential elements of one going to the deficiencies herein pointed out, that the quoted objections to it should have been sustained. As we interpret our statutes relating to the matter, R. S. arts. 3255, 3280, 3294, and, indirectly, article 4700, they plainly contemplate, not only that a necessity therefor must exist before letters of administration will be granted, but that the facts indicating such necessity must be alleged as well as proven; here the only pertinent substantive averments are:

"That the heirs of the said Sam Molnar are entitled to damages by reason of the death of the said Sam Molnar, * * * and that it is necessary that the said suit for damages be brought in the name of the estate of the said Sam Molnar."

There is no affirmative statement that there were in fact any such heirs; they are not named, nor, if they exist, is there anything indicating that they were not in position to sue without an administrator through a next friend, as provided in R. S. art. 2167.

[3] It is true that the federal Employers' Liability Act (U. S. Compiled Statutes, art. 8657), directly creates a right of action for damages in the personal representative of an employee, for the benefit of his widow and children, when the death of the latter occurs while working for a common carrier by railroad engaged in interstate commerce, and that our courts have held such cause of action to be an estate within the meaning of our statute providing for administration. Lancaster et al. v. Sexton (Tex. Civ. App.) 245 S. W. 958, and authorities cited on page 959; also Railway Co. v. Smith, 111 Tex. 285, 232 S. W. 494. But the application here likewise fails to declare upon any such ground. There is no charge that the cause of action arose under the federal Employers' Liability Act, nor were such advices therein given opposing litigants as indicated that a right under this statute would be relied on; in the absence of any such allegation, it is not enough that the proof presented may have shown that the case came within the purview of the right so created by Congress.

From what has been said it is apparent that, in the state of the pleadings of the applicant, the court erred in appointing an administrator. The judgment is therefore reversed and the cause remanded for further proceedings.

Reversed and remanded.