JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY V.
HARRISON H. MORSE, ADMINISTRATOR ET AL.

No. 7250. Decided February 8, 1939.
Rehearing overruled March 8, 1939.
(124 S. W., 2d Series, 330.)

*Geo. A. Titterington* and *Spafford & Spafford,* all of Dallas, for plaintiff in error.

It was error for the court to hold that an administrator of an estate of a deceased person could maintain a suit to set aside a deed of the intestate as in fraud of creditors. Claybrooks v. Kelly, 61 Texas 634; Gardner v. Stell, 34 Texas 561; 20 Texas. Jur. 460.

*W. M. Short* and *J. E. Whitmore,* both of Fort Worth, for defendant in error.

The administrator of an estate has the right to bring a suit to set aside the deed of the intestate, as being in fraud of creditors, and it was his duty to recover any property belonging to the estate, and conveyed in fraud of creditors. Hunt, Admr., v. Butterworth, 21 Texas 133; Babcok v. Booth, 2 Hill (N. Y.) 181; Hart v. Rust, 46 Texas 556.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

The controlling question for decision in this case is whether or not an administrator has the right to maintain a suit for the cancellation of a deed executed and delivered by his intestate during his lifetime upon the ground that same was made in fraud of his creditors. The trial court denied the existence of such right and sustained a general demurrer to the petition of an administrator seeking to cancel such a deed, but its judgment was reversed by the Court of Civil Appeals and the right of an administrator to maintain the action was upheld, 101 S. W. (2d) 1062.

Harrison A Morse, administator of the estate of John A. Jackson, deceased, instituted this suit against Ethelene Jackson and Marietta Scurry, daughters of Jackson, joining the husband of Mrs. Scurry as a party, to cancel a deed executed by Jackson to them conveying certain lands situated in Wise and Denton counties. John Hancock Mutual Life Insurance Com-

pany was made a party defendant and, as to it, the relief sought was the cancellation of a deed executed by a substitute trustee conveying the property to it. First National Bank of Fort Worth and Maude Chandler Modlin, independent executor and executrix, respectively, of the estate of D. O. Modlin, deceased, a creditor of the estate of Jackson, intervened, adopting the allegations of the plaintiff's petition and seeking the same relief as that sought by the administrator. We find it unnecessary to detail allegations of the petition with reference to the fraudulent character of the conveyance, but think it sufficient here to state that the allegations thereof were sufficient, as against a general demurrer, to charge that the property was conveyed by Jackson to his daughters in fraud of creditors. If the administrator has the right to maintain this suit, then his petition was not subject to the general demurrer.

As against the Insurance Company the petition alleged, in general, that on June 20, 1931, the intestate, John A. Jackson, executed a deed of trust to Fred P. Hayward, trustee, conveying the land in question for the purpose of securing an indebtedness to the Insurance Company in the sum of $10,000.00; that the deed of trust lien and indebtedness were outstanding at the time of the death of Jackson; that within four months after receiving letters of administration plaintiff gave notice to the Insurance Company of his appointment and qualification; that notwithstanding said notice of the pendency of the administration the Insurance Company thereafter caused the land to be sold by O. V. Bennett, substitute trustee, at which sale it was the highest bidder and same was thereafter conveyed by Bennett, as substitute trustee, to it. It was alleged that the appointment of Bennett as substitute trustee was made in the name of John Hancock Mutual Life Insurance Company by J. H. McGee, assistant treasurer thereof, and not by the president or presiding member or trustee of said corporation; that such appointment by the assistant treasurer was void and the sale of the property by him was likewise void. In the alternative it was alleged that the sale was voidable at the suit of plaintiff. A further attack was made upon the sale to the Insurance Company on the ground that it was made while administration proceedings were pending in the probate court; that the claim of the Insurance Company was not presented to, or allowed by the administrator; and that the sale should have been made by the administrator under orders of the probate court.

The Court of Civil Appeals held that the petition did not state a cause of action for the cancellation of the trustee's deed

to the company on the ground that the appointment of the substitute trustee was improper, but held that, by reason of the pending administration, the Insurance Company could not foreclose its lien by trustee's sale. As we understand its opinion, that court held that the administrator was authorized to set aside the trustee's deed to the Insurance Company on the ground that the property, being an asset of the estate, could be conveyed only through an order of the probate court. If the property was an asset of the estate and passed to his administrator, it follows that the suit is maintainable as against both the fraudulent vendee and the Insurance Company. If, on the other hand, the property, after the conveyance by Jackson to his daughters, ceased to belong to him and never passed to his administrator as an asset of his estate, then the suit is not maintainable against any of the defendants. The controlling question, therefore, is, as stated at the beginning of this opinion: may an administrator maintain a suit to cancel a deed executed by his intestate in fraud of his creditors?

■ The proposition is well settled in this state that, as between the parties to the transfer, a conveyance made in fraud of creditors passes title to the vendee, and is defeasible only at the instance of the creditors named in Articles 3996 and 3997. Hart v. Rusk, 46 Texas 556; Claybrook v. Kelley, 61 Texas 634; Eckert v. Wendel, 120 Texas 618, 40 S. W. (2d) 796; 76 A L. R. 855; Douglas v. First National Bank of Eldorado, 120 Texas 631, 40 S. W. (2d) 801; 20 Tex. Jur. p. 454 and authorities there cited.

■ From this it necessarily follows that, absent an enabling statute, an administrator cannot maintain an action to cancel the deed of his intestate as being in fraud of creditors. The title having passed from the intestate during his lifetime, the property can form no part of the estate in the hands of the administrator, and he cannot, therefore, maintain an action for the recovery thereof. He administers the estate as it existed at the death of the intestate. As said in Willis & Brother v. Smith, 65 Texas 656, "He (the deceased) has no title which can descend to his heirs, or vest in his executor or administrator for the payment of debts. * * * and an administrator would not be a proper plaintiff in such a proceeding." In Wilson v. Demander, 71 Texas 603, 9 S. W. 678, it was said that the proposition that an administrator cannot maintain such a suit "* * * is too well settled, we think, to demand or justify the discussion of it now." In Dittman v. Weiss, 87 Texas 614, 30

S. W. 683, the rule was again declared to be well settled. It was reannounced in Hughes v. Hughes (Com. App.) 221 S. W. 970.

In 11 R. C. L. p. 271, Sec. 309, it is stated that the rule above announced is the generally accepted rule. It is not, however, accepted in all jurisdictions. In some of the states enabling statutes have been enacted conferring this right, and in others it would appear that the right is recognized independent of any statute. An annotation of the question may be found in 91 A. L. R. pp. 133 et seq. Regardless of the state of the decisions in other jurisdictions, the question is not an open one in this state, unless made so by the action of the Legislature next to be considered.

As we understand the opinion of the Court of Civil Appeals, it recognizes that an administrator had no right to maintain such cause of action prior to the 1925 codification of our statutes, and bases its decision upholding his right now to do so upon a change which was made in one article of the statutes in that revision. Article 1836 of the Revised Statutes of 1911 read as follows:

"Suits for the recovery of personal property, debts or damages, and suits for title or for the possession of lands, or for any right attached to, or growing out of, the same, or for any injury or damage done thereto, may be instituted by executors, administrators or guardians appointed in this state, in like manner as they could have been by their testator or intestate; and judgment in such cases shall be as conclusive as if rendered in favor of, or against, such testator or intestate; but such judgment may be set aside by any person interested for fraud or collusion on the part of such executor or administrator (Act May 13, 1846, p. 363, sec. 44. P. D. 1447.)"

■ By the revision of 1925 this article was brought forward as Article 1981 with this change: There was omitted therefrom the words, "in like manner as they could have been by their testator or intestate." It is claimed that by this omission a limitation upon the power of representatives was removed, leaving them free to maintain actions of this character. With this reasoning we cannot agree. The article does not deal with the question of the right of a representative to maintain suits concerning property which never became a part of the estate in his charge. The omission of the quoted language granted no power. The codifiers evidently regarded it as surplusage and omitted it for that reason. When construed in connection with

other articles of the statutes dealing with the powers of executors and administrators, it appears that it was surplusage.

By Article 3314, R. S. 1925, it is provided:

"* * * the executor or administrator shall have the right to the possession of the estate as it existed at the death of the testator or intestate, with the exception aforesaid; and he shall recover possession of and hold such estate in trust to be disposed of in accordance with law."

By Article 3586, which deals with sales of real estate by an executor or administrator, it is provided that a conveyance by him shall vest the right and title that the testator or intestate had in such property. These two articles define the estate which passes to an executor or administrator and limit the title which he may convey to that owned or held by the deceased at the date of his death. He cannot administer upon or convey property which did not belong to the deceased at the time of his death. It cannot be held that the Legislature intended to affect these articles by the omission and, in the light of their provisions, the omitted language was clearly surplusage. The omission did not change the law.

■ As noted above, a creditor of the estate whose debt existed before the fraudulent conveyance was made intervened in the suit, and a general demurrer to his petition was sustained. The relief sought by the intervenor was to vest the title to the land by a judgment of the district court in Morse, as administrator, for administration purposes. He further prayed for judgment removing all clouds from the title of the administrator. He sought the same relief, in effect, as that sought by the administrator and the reasons above assigned for upholding the action of the trial court in sustaining the general demurrer to the administrator's petition uphold also its action in sustaining the general demurrer to the petition of intervention. Stierlin v. Teschemacher 333 Mo. 1208, 64 S. W. (2d) 647, 91 A. L. R. 121. On no theory could a creditor divest title out of the vendees and vest same in the administrator. A creditor's judgment subjecting property fraudulently conveyed by his debtor to the payment of his debt does not have the effect of reinvesting title in the fraudulent vendor. If there be any excess in the value of the property conveyed over the debts properly chargeable against same, such excess passes to the fraudulent vendee, and not the fraudulent vendor. Douglas v. First National Bank of Eldorado, supra; Miller v. Koertge, 70 Texas 162, 7 S. W. 691, 8 Am. St. Rep. 587.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion adopted by the Supreme Court February 8, 1939.

Rehearing overruled March 8, 1939.