Court of Civil Appeals of Texas. Beaumont.

Oct. 5, 1939.

Ramsey & Ramsey, of San Augustine, for appellant.

Minton & Minton, of Hemphill, for appellees.

O'QUINN, Justice.

On July 3, 1928, appellant obtained a judgment in the County Court of Fannin County, Texas, against W. L. Bobbitt, J. W. Childers and J. W. Robbins in the sum of $972.30 together with costs of suit in the sum of $19.95. On this judgment appellant, the W. T. Rawleigh Company, duly had executions issued out of said court to Fannin County, Texas, and San Augustine County, Texas, to be levied upon the property of said judgment debtors, which executions were duly returned nulla bona. Appellant also had its said judgment duly abstracted and caused said abstract to be duly filed, indexed and recorded in the office of the County Clerk of San Augustine County, Texas, on September 24, 1928. At the time of such filing and recording of said abstract of judgment, judgment debtor J. W. Childers owned the tract of land herein involved containing 553½ acres. On January 14, 1935, J. W. Childers, joined by his wife, by deed conveyed said land to appellee J. T. Childers, which deed was duly recorded in the deed records of San Augustine County. This suit was filed by appellant against J. T. Childers and his wife, Mrs. J. T. Childers and J. W. Childers in the district court of San Augustine County, Texas, on June 16, 1937, seeking to subject the land to its judgment lien, and praying for the establishment and foreclosure of same.

Appellees, defendants in said suit, answered by plea in abatement that the district court of San Augustine County did not have jurisdiction to hear and adjudge the case because the claim or judgment must be presented to the Probate Court of Sabine County, Texas, for allowance as a debt against the estate of J. W. Childers, one of the judgment debtors, and who had died in said county. On the filing of the plea in abatement appellant amended its petition, repleading its cause of action as in its original petition, and dismissed as to the defendant J. W. Childers. The court sustained the plea in abatement, and dismissed the suit, from which order or judgment appellant brings this appeal.

The judgment will have to be reversed and the cause remanded. Appellant was not attempting to establish its debt against the estate of J. W. Childers, one of the judgment debtors. To the contrary it had dismissed as to this defendant, or rather any claim against his estate in the property against which it sought to enforce its judgment lien. He nor his estate owned any interest in this land. Long before he and his wife had conveyed all their interest in the land to J. T. Childers, his estate no longer owned any interest in same. The suit is to enforce the judgment lien upon the land against J. T. Childers and his wife who purchased same from J. W. Childers. This identical question was determined in Jackson v. Butler, 47 Tex. 423. Judge Moore, there speaking for the Supreme Court, said: "But Jackson could not, by reason of the provision of our probate laws, enforce his lien by an execution against Earle's estate after his death. 'A judgment lien constitutes no property or right in the land itself.' It merely confers a right to have it sold for the discharge of such lien, to the exclusion of other adverse interests. If the owner conveys the land to another, although it is still charged with the lien, the vendor has no longer any interest in or title to it. And, as Earle had parted with all of his interest in this land before he died, neither his heirs or any administrator had any title to or claim upon it. The lien therefore could not be enforced through the Probate Court. And certainly the judgment against Earle would

not support or warrant an execution against Butler. Consequently, appellant could only enforce his lien upon the land in Butler's hands, by suit against him for this purpose, as he sought to do in this case."

J. W. Childers and wife having conveyed to J. T. Childers all their title to the land, after Childer's death nothing remained in his estate relative to the land subject to the orders of the probate court, and hence appellant did not have to seek relief through the probate court. Hanrick v. Gurley, 93 Tex. 458, 472, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330.

The judgment is reversed and the cause remanded.