**SANDERS et al. v. HART et al.**

**No. 2350.**

Court of Civil Appeals of Texas. Eastland.

April 16, 1943.

Rehearing Denied May 14, 1943.

532

J. W. Stovall, of San Angelo, W. O. Gross, of Mineral Wells, and Allen & Gambill, of Fort Worth, for appellant.

Ritchie & Ritchie, of Mineral Wells, and Baylor B. Brown, of Fort Worth, for appellees.

GRISSOM, Justice.

Mrs. M. J. Hart died intestate in the county of her residence, Palo Pinto County, on October 16, 1937. The following are her surviving heirs at law: Mrs. Bertha Sanders, Edgar T. Hart, Sr., George Hart, Arch Hart, Scott W. Hart, who are her surviving sons and daughters, and C. S. Hart, Jr., and Jere Hart, who are her grandsons. On July 24, 1941, Mrs. Bertha Sanders filed application for appointment as Administratrix of her mother's estate. In August, 1941, Mrs. Sanders was appointed administratrix and qualified and filed an inventory and appraisement of said estate. Thereafter, Mrs. Sanders, as administratrix, joined pro forma by her husband, filed suit in the District Court of Palo Pinto County against Hart Cattle Co., Edgar T. Hart, Jr., Laura Hart, Edgar T. Hart, Scott W. Hart, J. E. Hobson and Ethel Southall to recover title and possession of the property conveyed by Mrs. Hart to Hart Cattle Company and S. W. Hart, trustee, as hereinafter shown. Mrs. Sanders, administratrix, alleged that the conveyances by Mrs. Hart, shortly prior to her death, were made for the purpose of creating a trust for the use and benefit of Mrs. M. J. Hart during her lifetime and for her heirs and legal representatives after her death.

On October 23, 1941, S. W. Hart, Edgar T. Hart and Hart Cattle Company, a corporation, as plaintiffs, filed in the District Court of Palo Pinto County a petition for writ of certiorari against Mrs. Sanders and her husband, as defendants, for the purpose of setting aside the order of the County Court appointing Mrs. Sanders administratrix. Plaintiffs alleged that Mrs. M. J. Hart, at the time of her death, owned no property and owed no debts, and that there was no necessity for an administration upon her estate; that Mrs. Sanders had obtained appointment as Administratrix for the sole purpose of prosecuting, as administratrix, a suit against Hart Cattle Company, and others, for the recovery of property which Mrs. Sanders claims belongs to her mother's estate; that it was not necessary that an administratrix of Mrs. Hart's estate be appointed for the sole purpose of prosecuting a claim against third parties for recovery of supposed properties of a deceased person in the absence of any indebtedness and in the absence of any property on hand in the estate to be partitioned among the heirs; that plaintiffs did not know of the appointment of an administratrix until October 10, 1941.

Upon a trial of the certiorari proceeding the District Court found that at date of her death Mrs. Hart owned no property and owed no debts; that there was no necessity for an administration upon the

estate of Mrs. M. J. Hart; that there was a suit pending in the District Court brought by Mrs. Sanders, as administratrix, against the Hart Cattle Company et al., seeking to recover, for the use of the estate of Mrs. M. J. Hart, deceased, title and possession of ranch land and livestock in Palo Pinto County; that said suit is being prosecuted by Mrs. Sanders, as administratrix, in good faith, and if recovery is had, said ranch lands and livestock will be partitioned. (It was agreed that, if permitted, Mrs. Sanders will amend her petition and charge that the conveyances were obtained by S. W. and Edgar T. Hart by fraud and undue influence.) The District Court concluded that the County Court erred in appointing Mrs. Sanders administratrix of the estate of Mrs. M. J. Hart, deceased, and that said order should be set aside. Judgment was entered accordingly. Mrs. Sanders has appealed.

Defendant's points upon which she relies for reversal, briefly stated, are: The Court erred in holding: (1) That Mrs. Hart owned no property at the time of her death; (2) that there was no necessity for administration; (3) that Mrs. Sanders' desire to have the County Court partition the estate forms no basis for an administration under Subdivision 4, Art. 3370, Vernon's Ann.Civ.St.; (4) that Hart Cattle Company, S. W. Hart, and Edgar T. Hart are "persons interested in the estate", authorized by Art. 932 to have the proceedings of the County Court revised by certiorari; and (5) in annulling the order of the County Court appointing Mrs. Sanders administratrix without making all of the heirs of Mrs. Hart parties to such proceeding.

The trial in the District Court was upon an agreed statement of facts and exhibits. The following facts, among others, were agreed upon:

On November 7, 1936, Mrs. M. J. Hart, a widow, owned 5,717 acres of ranch land in Palo Pinto and Stephens Counties and 250 head of livestock. On said date she and J. L. Hobson and Ethel Southall executed the charter of the Hart Cattle Company and Mrs. Hart executed a deed to all of her land to Hart Cattle Co. On November 20, 1936, stock certificates were issued to the incorporators, and a certifi-

cate was issued to Mrs. Hart for 998 of the 1,000 shares issued. November 21, 1936, Mrs. Hart executed a transfer of this stock certificate to S. W. Hart as trustee for E. T. Hart, Jr., and Laura Hart, her grandchildren. The same day the board of directors of the Cattle Company elected officers and S. W. Hart was employed as general manager. Mrs. Hart executed a bill of sale to her cattle and personal property to Hart Cattle Co. In consideration of the bill of sale, the Cattle Company agreed to pay for the care and support of Mrs. Hart during the remainder of her life. (It was agreed that the corporation carried out this agreement.)

Immediately following Mrs. Hart's death, the Cattle Company paid the expenses of her last sickness and funeral. The Cattle Company has paid the taxes on the ranch and cattle for the year 1937 and all subsequent years prior to the time they would have become delinquent. The Cattle Company each year has paid income taxes due in connection with the operation of the ranch and cattle business. In August, 1941, when Mrs. Sanders was appointed administratrix, no claims were being asserted for any unpaid income tax of the Cattle Company, or the estate of Mrs. Hart. On October 16, 1937, the Lone Star Gas Co. held an indebtedness on which Mrs. Hart and others were liable amounting to over $30,000. This debt was paid about December 1, 1937. In August, 1941, when Mrs. Sanders was appointed administratrix, there was no part of said debt and no ad valorem taxes due or owing on the properties mentioned, except for the current year, 1941. In October, 1937, the net value of Mrs. Hart's ranch, cattle, and other personal property was less than $40,-000. In August, 1941, the record title to all the property described in the inventory and appraisement made by Mrs. Sanders as administratrix was in the name of Hart Cattle Company. Four tracts included therein were bought by the Cattle Company long after the death of Mrs. Hart. The Pollard, Hamilton and Abbas notes, listed in Mrs. Sanders' inventory as debts of the estate, were notes given by the Cattle Company in the purchase of other land and in borrowing money long after the

death of Mrs. Hart. Mrs. Sanders is not asserting the existence of any debts other than those just mentioned.

The principal question presented is whether the foregoing facts show a necessity for administration, as required by Art. 3370.

■ Where a person has conveyed all of his property during his lifetime and the title and possession thereof has passed to others, and such person dies intestate and owes no debts, there is no necessity for the appointment of an administrator for the sole purpose of permitting one of the heirs to file a suit, as administrator, to recover title and possession of such property. Under the circumstances the heir, as such, may bring a suit in the District Court to cancel his ancestor's conveyances and partition the property. Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d 149; Giddings v. Steele, 28 Tex. 732, 748, 91 Am.Dec. 336; Cooper v. Gulf, C. & S. F. Ry. Co., 41 Tex.Civ.App. 596, 93 S.W. 201, 205; 13 Tex.Jur. 744; Walker v. Abercrombie, 61 Tex. 69, 72; McIntyre v. Chappell, 4 Tex. 187, 192; Powell v. Stephenson, Tex.Civ. App., 189 S.W. 570; Merriweather v. Kennard, 41 Tex. 273, 276; John Hancock Mutual Life Ins. Co. v. Morse, 132 Tex. 534, 124 S.W.2d 330; Hynes v. Winston, Tex.Civ.App., 54 S.W. 1069; Angier v. Jones, 28 Tex.Civ.App. 402, 67 S.W. 449, 451, writ refused; Henry v. McNew, 29 Tex.Civ.App. 288, 69 S.W. 213, 216, writ refused; Owen v. Free, Tex.Civ.App., 85 S.W.2d 1090, reversed on other grounds, 131 Tex. 281, 113 S.W.2d 1221; Neelen v. Holzhauer, 193 Wis. 196, 214 N.W. 497, 53 A.L.R. 359; Simkins Administration of Estates, p. 45. Appeal of Beach, 76 Conn. 118, 55 A. 596; Rawleigh Co. v. Childers, Tex.Civ.App., 132 S.W.2d 434; Hanrick v. Gurley, 93 Tex. 458, 472, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330.

Under the circumstances outlined, we see no reason why the cause of action, if it exists, cannot be asserted by Mrs. Sanders as an heir in the District Court and thus avoid the complication and expense of a useless administration in the probate court. She can truthfully allege that there is no administration pending and no necessity for one. Simkins Administration of Es-

tates, 2nd Ed., p. 43; Hart v. Hart, Tex. Civ.App., 170 S.W. 1071, writ refused; Galveston, H. & S. A. Ry. Co. v. Blankfield, Tex.Civ.App., 253 S.W. 956; Rogers v. Barbee, Tex.Civ.App., 32 S.W.2d 666; Pitts v. Thompson, Tex.Civ.App., 71 S.W. 2d 368; Cohn v. Saenz, Tex.Civ.App., 211 S.W. 492, writ refused; Hale v. Hannah, Tex.Civ.App., 56 S.W.2d 259; Cook v. Baker, Tex.Com.App., 45 S.W.2d 161; Pure Oil Co. v. Tunnell, 126 Tex. 57, 86 S.W. 2d 207; Note, 70 A.L.R. 389; Lauraine, Adm'r v. Ashe, 109 Tex. 69, 75, 191 S.W. 563; Holt's Simkins Administration of Estates, 3rd Ed., p. 315.

We recognize that, under certain circumstances, it has been held in Texas that: "A subsisting cause of action, enforceable by suit in Texas, by a personal representative, is a property asset on which may be based the exercise by one of our probate courts of the power to grant letters of administration." St. Louis S. Ry. Co. of Texas v. Smitha, Adm'r, 111 Tex. 285, 288, 232 S.W. 494, 496. To the same effect is Lancaster & Wallace v. Sexton, Tex. Civ.App., 245 S.W. 958; Rivera v. Atchison, T. & S. F. Ry. Co., Tex.Civ.App., 149 S.W. 223; Gulf, C. & S. F. Ry. Co. v. Beezley, Tex.Civ.App., 153 S.W. 651. Those cases were suits by an administrator or executor of one killed while engaged in interstate commerce under circumstances where the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., was applicable. The Federal Statutes mentioned give a cause of action for the decedent's death solely to his personal representative. Under the federal statute no one but the administrator, or executor, could maintain such a suit. It was, therefore, necessary to hold that such a cause of action justified an administration; otherwise, although the statute created a cause of action, there could have been no recovery in the absence of an administrator. No such necessity exists in the instant case and no such reason as that which justified the appointment of an administrator in the last cited cases exists in this case. Appellant cites, in addition to the cases last above cited, among others, Ragsdale v. Prather, Tex. Civ.App., 132 S.W.2d 625, writ refused. We think our holding is not in conflict with the decision in that case. The opin-

ion in Ragsdale v. Prather shows two debts were owing by the estate, justifying the appointment of an administrator. We have given careful consideration to all authorities cited by defendant. We consider none of them to be controlling on the question decided and think they are not in conflict with our decision.

■ Article 3370 provides that before granting letters of administration, it must appear to the court that there is a necessity for an administration upon said estate. Section 4 of said article was amended in 1939, Acts 1939, 46th Leg., p. 320, § 1, Vernon's Ann.Civ.St. Art. 3370, subd. 4, so that it now provides: "That there is a necessity for an administration upon such estate; *such necessity shall be deemed to exist if two or more debts exist against the estate, or if or when it is desired to have the county court partition the estate among the owners in accordance with the provisions of Chapter 24, Title 54, Revised Civil Statutes of Texas, 1925.*" The foregoing italics show the addition made to Subdivision 4 by the amendment of 1939. The emergency clause of the act amending Art. 3370, in 1939, states that said change is necessary because it "has not been definitely determined under what circumstances the jurisdiction of the Probate Court may be invoked * * *." Section 3.

Mrs. Sanders contends that under the italicized provisions of Art. 3370, there is a necessity for an administration upon Mrs. Hart's estate, because, in the language of the statute, "it is desired to have the county court partition the estate among the owners in accordance with the provisions of Chapter 24, Title 54 * * *." Of course, Mrs. Sanders' actions evidence her desire to partition said estate,. if any, in the county court. There are no decisions interpreting the amendment of Art. 3370 and its possible application to. the facts of this case. We think it can have no application to these facts. There is no property of the estate in its possession or on hand and available that may be now partitioned. To sustain defendant's contention on this point would require us to hold in effect that though an intestate has conveyed all her property in her lifetime and her estate owes no debts, nevertheless, because one of several heirs desires partition in the county court of the property conveyed by the intestate in her lifetime, an administration is necessary so that said heir may bring a suit as administratrix to recover the property so conveyed and, if and when successful, partition the property in the county court. We think such an extreme position is not warranted by the amendment to Art. 3370 and was not contemplated when it was enacted. Lauraine v. Ashe, 109 Tex. 69, 191 S.W. 563, 565; Davis v. Agnew, 67 Tex. 206, 213, 2 S.W. 43, 376; Pace v. Eoff, Tex.Com.App., 48 S.W.2d 956, 961; Manchaca v. Martinez, 136 Tex. 138, 148 S.W.2d 391; John Hancock Mut. Life Ins. Co. v. Morse, 132 Tex. 534, 124 S.W.2d 330.

■ Defendant further contends that none of plaintiffs in the certiorari proceeding are persons "interested in the estate" within the meaning of Art. 932, and, therefore, they have no right to maintain this certiorari proceeding. We think all of them are persons interested in the estate within the meaning of said article. McCarthy v. Texas Co., Tex.Civ.App., 235 S.W. 679, writ dismissed; Reynolds v. Prestidge, Tex.Civ.App., 228 S.W. 358.

■ Appellant challenges the jurisdiction of the District Court to grant the writ of certiorari because all of the heirs of Mrs. M. J. Hart, deceased, are not made parties thereto. Rules of Civil Procedure 344, formerly Art. 933, provides that an application for writ of certiorari shall state the name and residence of each party "adversely" interested. In this proceeding to revise the order of the County Court appointing Mrs. Sanders administratrix, she was the party "adversely" interested. Heaton v. Buhler, 60 Tex.Civ.App. 423, 127 S.W. 1078.

We have considered all of defendant's points. They are overruled. The judgment is affirmed.